1 | John P. Flynn (SBN 015065)
Todd A. Williams (SBN 020066)
2 | DIOGUARDI FLYNN, LLP
7001 N. Scottsdale Road, Suite 2060
3 | Scottsdale, AZ 85253
Telephone:   (480) 951-8800
4 | Facsimile:   (480) 951-8824

5 | *Attorneys for Defendant Harrell Dean Cameron*

6

7 | **IN THE UNITED STATES DISTRICT COURT**

8 | **FOR THE DISTRICT OF ARIZONA**

9

10 | JOHNNY JOHNSON AND ANNA
JOHNSON, HUSBAND AND WIFE;
11 | RUDY JOHNSON AND DIANA
JOHNSON, HUSBAND AND WIFE,

12

13 |                                Plaintiffs,

14 | vs.

15 | DEFINED BENEFIT PLAN OF BILL
JOHNSON'S RESTAURANTS, INC.;
16 | BILL JOHNSON'S RESTAURANTS,
INC. AN ARIZONA CORPORATION;
17 | HARRELL DEAN CAMERON AND
JOHN DOE CAMERON, WIFE AND
18 | HUSBAND; SHERRY NOVAK AND
JOHN DOE NOVAK, WIFE AND
19 | HUSBAND; SHERRY CAMERON
AND JOHN DOE CAMERON, WIFE
20 | AND HUSBAND; AND ROBERT A.
ROYAL AND JANE DOE ROYAL,
21 |                                Defendants.

22

**CASE NO.**

**NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. §§ 1441 AND 1446**

23 | **To:**   **Clerk of the United States District Court for the District of Arizona**

24 |           PLEASE TAKE NOTICE that Defendant Harrell Dean Cameron ("Defendant

25 | Cameron") hereby removes to this Court the state court action described below:

26 |           1.      On July 22, 2011, an action was commenced in the Superior Court of

27 | Maricopa County, State of Arizona, entitled *Johnny Johnson and Anna Johnson,* husband

28 | and wife; *Rudy Johnson and Diana Johnson,* husband and wife, *Plaintiffs,* v. *Defined*

– 1 –

1  *Benefit Plan of Bill Johnson's Restaurants, Inc.; Bill Johnson's Restaurants, Inc.,* an

2  Arizona corporation; *Harrell Dean Cameron and John Doe Cameron,* husband and wife;

3  *Sherry Novak and John Doe Novak,* wife and husband; *Sherry Cameron and John Doe*

4  *Cameron,* wife and husband; and *Robert A. Royal and Jane Doe Royal,* Defendants, in

5  Maricopa County Superior Court No. CV2011-013831 ("Original Action").

6      2.     Pursuant to Local Rule 3.7(b), a true and correct copy of the Summons,

7  Complaint, and all other process, pleadings, and orders filed in the Original Action are

8  attached hereto as Exhibit "A."  Undersigned counsel hereby verify that the documents

9  attached as Exhibit A hereto are true and complete copies of all pleadings and other

10 documents filed in the Original Action.

11     3.     On July 22, 2011, Plaintiffs served Defendant Cameron with a copy of the

12 Summons and Complaint.  Aside from the material in Exhibit A, the Plan is not aware of

13 any other process, pleadings or orders served upon it in this action.

14     4.     On August 4, 2011, Defendant Bill Johnson's Restaurants, Inc. filed a

15 Chapter 11 Petition in the District of Arizona, Case No. 2:11-bk-22441-SSC.

16     5.     On August 9, 2011, a notice of the bankruptcy filing was filed in the

17 Original Action.

18     6.     On August 15, 2011, the Court in the Original Action vacated the hearing

19 on the Order to Show Cause based upon the bankruptcy filing.

20     7.     Defendant Cameron files this Notice of Removal within one year of the

21 date the action was originally filed and within thirty (30) days of the receipt of the

22 Complaint by Defendant Cameron.  Pursuant to 28 U.S.C. § 1446(b), removal is timely in

23 this action.

24                                    **JURISDICTION**

25     8.     This Court has original jurisdiction over this civil action pursuant to 28

26 U.S.C. § 1331 (federal question). Plaintiffs' causes of action arise from their participation

27 in a defined benefit plan that is regulated by the Employee Retirement Income Security

28 Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). This Court has exclusive jurisdiction

                                    – 2 –

to entertain civil enforcement actions brought by any plan participant or beneficiary for alleged breaches of fiduciary duty and to enjoin any act or practice that violates ERISA. *See* 29 U.S.C. § 1132(d)(1).

9.      Plaintiffs' Complaint sets forth causes of action for alleged breach of fiduciary duty owed by Defendant Harrell Dean Cameron for her actions related to the defined benefit plan, and such claim arises under ERISA. *See* 29 U.S.C. § 1132(a)(2).

10.     Plaintiffs' Complaint also alleges a breach of the Plan (characterized as a breach of contract claim) and a negligent misrepresentation claim related to the administration and attempted termination of the defined benefit plan, which also arises under ERISA. *See* 29 U.S.C. § 1132(a)(3).

11.     To the extent the Court determines that some of Plaintiffs' claims do not arise under ERISA or other federal law, this Court is authorized to exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367.

12.     Therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b).

## VENUE

13.     Removal to the United States District Court for the District of Arizona is proper because the Complaint was filed in Maricopa County, Arizona. *See* 28 U.S.C. § 1441(b).

14.     Defendant Cameron respectfully requests this Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all parties necessary for the trial hereof. Defendant Cameron also represents and warrants that each of the other Defendants named in the Original Action consent to the removal of all causes of action to this Court, with the exception of Defendant Robert A. Royal and Jane Doe Royal, who are presently out of State and unavailable to make a determination in this regard.

15.     Counsel for Defendant Cameron certifies that a true and correct copy of this Notice of Removal is filed concurrently herewith with the Clerk of the Superior Court of

1   Maricopa County, State of Arizona, as required by 28 U.S.C. § 1446, and that all adverse

2   parties to the Original Action are being provided notice of same.

3

4           DATED this 16th day of August, 2011

5                                   DIOGUARDI FLYNN LLP

6

7                           By___/s/ John P. Flynn_____

8                               John P. Flynn
                                Todd A. Williams

9                               Attorneys for Defendant Harrell Dean
                                Cameron

10

11

12                          **CERTIFICATE OF SERVICE**

13

14          I hereby certify that on August 16th, 2011, I electronically filed the foregoing

15   **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**, which was

16   transmitted electronically through the Court's CM/ECF System for filing to all counsel of

17   record for electronic filing.

18

19                          By___/s/ Toni M. Hannigan_____

20

21

22

23

24

25

26

27

28

                                        - 4 -

# EXHIBIT A

**Dena Cameron – Notice of Removal Pursuant to 28 U.S.C. §§ 1441 and 1446**

**In The Superior Court of the State of Arizona**
**In and For the County Of Maricopa**

Case Number _____

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney <u>Daniel D. Maynard</u>

Attorney's Bar Number <u>009211</u>

CV2011-013831

Is Interpreter Needed? ☐ Yes   ☐ No
If yes, language type: _____
Attorney/Pro Per Signature _____
To the best of my knowledge, All Information is
true and correct                    Daniel D
                                    Maynard

Plaintiff's Name(s): (List all)
<u>Johnny Johnson, Anna Johnson</u>
<u>Rudy Johnson, Diana Johnson</u>
_____
(List additional plaintiffs on page two and/or attach a separate sheet).

Plaintiff's Address:
<u>c/o Daniel D. Maynard</u>
<u>Maynard Cronin Erickson Curran & Reiter, P.L.C.</u>
<u>3200 N. Central Ave., Ste. 1800, Phoenix, AZ 85012</u>

Defendant's Name(s): (List All): Defined Benefit Plan of Bill Johnson's Restaurant, Inc.; Bill Johnson's Restaurants Inc.; Harrell Dean Cameron and John Doe Cameron; Sherry Novak and John Doe Novak; Sherry Cameron and John Doe Cameron; Robert A. Royal and Jane Doe Royal

EMERGENCY ORDER SOUGHT:  ☐ TRO   ☐ Provisional Remedy ☐ OSC   ☐ Election Challenge   ☐ Employer Sanction
☐ Other(Specify) _____

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under Nature of Action).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case"as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, <u>in addition</u> to the Nature of Action case category).

**NATURE OF ACTION**
(Place an "X" in the box next to the <u>one</u> case category that most accurately describes your primary case.)

<u>**100 TORT MOTOR VEHICLE**</u>
☐ **101 Non Death Injury**
☐ **102 Property Damage**
☐ **103 Wrongful Death**

<u>**110 TORT NON- MOTOR VEHICLE**</u>
☐ **111Negligence**
☐ **112 Products Liability-Asbestos**
☐ **112 Products Liability-Tobacco**
☐ **112 Product Liability- Toxic/Other**
☐ **113 Intentional Tort**
☐ **114 Property Damage**
☐ **115 Legal Maintenance**
☐ **115 Malpractice- Other professional**
☐ **117 Premises Liability**
☐ **118 Slander/Libel/Defamation**
☐ **116 Other (Specify)_____**

<u>**120 MEDICAL MALPRACTICE**</u>
☐ **121 Physician - M.D.**
☐ **122 Physician - D.O.**
☐ **123 Hospital**
☐ **124 Other (Specify)_____**

<u>**130 CONTRACTS**</u>
☐ **131 Account (Open or Stated)**
☐ **132 Promissory Note**
☐ **133 Foreclosure**
☐ **138 Buyer-Plaintiff**
☐ **139 Fraud**
☒ **134 Other Contract(Breach of Contract)**
☐ **135 Real Property Excess Proceeds**
☐**Construction Defects (Residential/Commercial)**
       ☐ **136 Six to Nineteen Structures**
       ☐ **137 Twenty or More Structures**

**150-199 OTHER CIVIL CASE TYPES:**
□ 156 Eminent Domain/Condemnation
□ 151 Forcible Detainer
□ 152 Change of Name
□ 153 Transcript of Judgment
□ 154 Foreign Judgment
□ 158 Quiet Title
□ 160 Forfeiture
□ 175 Election Contest
□ 179 Employer Sanction Action
□ 180 Injunction against Workplace Harassment
□ 181 Injunction against Harassment
□ 182 Civil Penalty
□ 186 Water Rights
(Not General Stream Adjudication)
□ Sexually Violent Persons (A.R.S.§36-3704)
(Except Maricopa County)
□ Minor Abortion (See Juvenile in Maricopa County )
□ Special Action Against Lower Courts
(See lower court appeals cover sheet in Maricopa)

□ 155 Declaratory Judgment
□ 157 Habeas Corpus
□ 184 Landlord Tenant Dispute-Other
□ 159 Restoration of Civil Rights
□ 159 Clearance of Records (A.R.S. § 12-4051)
□ 190 Declaration of Factual Innocence (A.R.S. §12-771)
□ 191 Declaration of Factual Improper Party Status
□ 193 Vulnerable Adult (A.R.S. §46-451)
□ 165 Tribal Judgment
□ 167 Structured Settlement (A.R.S. §12-2901)
□ 169 Attorney Conservatorship (filed by the AZ State Bar)
□ 170 Unauthorized Practice of Law (filed by the AZ State Bar)
□ 171 Out of State Deposition for Foreign Jurisdiction
□ 172 Secure Attendance of Prisoner
□ 173 Assurance of Discontinuance
□ 174 In State Deposition for Foreign Jurisdiction
□ 176 Eminent Domain-LIGHT RAIL ONLY
□ 177 Interpleader- AUTOMOBILE ONLY
□ 178 Delayed Birth Certificate (A.R.S.§36-333.03)
□ 183 Employment Dispute-Discrimination
□ 185 Employment Dispute- Other
□ 163 Other(Specify)_____

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**
□ Administrative Review
(See lower court appeal cover sheet in Maricopa)
□ 150 Property Tax (A.R.S. §12-163(b))
(All other tax matters must be filed in the AZ Tax Court)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place and "X" in the box of no less than one of the following:

□ Antitrust/Trade Regulations
□ Construction Defect w/many parties or structures
□ Mass Tort
□ Securities Litigation w/many parties
□ Environmental/Toxic Tort w/many parties
□ Class Action Claim(s)
□ Insurance Coverage Claims arising for the above-listed case types

ADDITIONAL PLAINTIFF(S):
_____

ADDITIONAL DEFENDANT(S):
_____

1 | Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON**
2 | **CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Ste. 1800
3 | Phoenix, Arizona 85012
(602) 279-8500
4 | dmaynard@mmcec.com

5 | Attorneys for Plaintiffs

6 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7 | **IN AND FOR THE COUNTY OF MARICOPA**

8 | Johnny Johnson and Anna Johnson, husband and
9 | wife; Rudy Johnson and Diana Johnson, husband and wife,

No. ___CV2011-013831
**SUMMONS**

10 | Plaintiffs,

11 | v.

12 | Defined Benefit Plan of Bill Johnson's
13 | Restaurants, Inc.; Bill Johnson's Restaurants,
Inc., an Arizona Corporation; Harrell Dean
14 | Cameron and John Doe Cameron, husband and
wife; Sherry Novak and John Doe Novak, wife
15 | and husband; Sherry Cameron and John Doe
Cameron, wife and husband; and Robert A. Royal
16 | and Jane Doe Royal,

IF YOU WANT THE ADVISE OF A LAWYER, YOU MAY
WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT
602-257-4434 OR ONLINE AT WWW.LAWYERSFINDERS.ORG
LRS IS SPONSORED BY THE MARICOPA COUNTY
BAR ASSOCIATION.

17 | Defendants.

18 | **THE STATE OF ARIZONA TO THE DEFENDANT:**

19 | **ROBERT A. ROYAL**

20 | **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time

21 | applicable, in this action in this Court. If served within Arizona, you shall appear and defend

22 | within 20 days after the service of the summons and Complaint upon you, exclusive of the day

23 | of service. If served out of the State of Arizona -- whether by direct service, by registered or

24 | certified mail, or by publication -- you shall appear and defend within 30 days after the service

25 | of the Summons and Complaint upon you is complete, exclusive of the day of service. Where

26 | process is served upon the Arizona Director of Insurance as an insurer's attorney to receive

MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE • SUITE 1800 • PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 • FACSIMILE 602.265.8185

1   service of legal process against it in this state, the insurer shall not be required to appear,
2   answer or plead until expiration of 40 days after the date of such service upon the Director.
3   Service by registered or certified mail without the State of Arizona is complete 30 days after
4   the date of filing the receive and affidavit of service with the Court.  Service by publication
5   is complete 30 days after the date of first publication.  Direct service is complete when made.
6   Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the
7   Affidavit of Compliance and return receipt or Officer's Return. RCP 4; A.R.S. §§ 20-222, 28-
8   502, 18-503.  Requests for reasonable accommodation for persons with disabilities must be
9   made to the division assigned to the case by parties at least 3 judicial days in advance of a
10  scheduled court proceeding.

11        **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend
12  within the time applicable, judgment by default may be rendered against you for the relief
13  demanded in the Complaint.

14        **YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer
15  or proper response in writing with the Clerk of this Court, accompanied by the necessary filing
16  fee, within the time required, and you are required to serve a copy of any Answer or response
17  upon the Plaintiffs' attorney.  RCP 10(d); A.R.S. §§ 12-311; RCP 5.

18        The name and address of Plaintiffs' attorneys are:

19             Daniel D. Maynard, No. 009211
               Maynard Cronin Erickson Curran & Reiter, P.L.C.
20             3200 North Central Avenue, Ste. 1800
               Phoenix, Arizona 85012
21             (602) 279-8500

22             SIGNED AND SEALED this date:   COPY

23                                            JUL 2 2 2011
24             Clerk _____
                                    MICHAEL K. JEANES, CLERK
25             By _____   DEPUTY CLERK
                    Deputy Clerk

26

-2-

1    Daniel D. Maynard, No. 009211
     **MAYNARD CRONIN ERICKSON**
2    **CURRAN & REITER, P.L.C.**
     3200 North Central Avenue, Ste. 1800
3    Phoenix, Arizona 85012
     (602) 279-8500
4    dmaynard@mmcec.com

5    Attorneys for Plaintiffs

6        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7           **IN AND FOR THE COUNTY OF MARICOPA**

8    Johnny Johnson and Anna Johnson, husband and      No. _____CV2011-013831
     wife; Rudy Johnson and Diana Johnson, husband
9    and wife,

10                 Plaintiffs,                         **SUMMONS**

11   v.

12   Defined  Benefit  Plan  of  Bill  Johnson's
     Restaurants,  Inc.;  Bill  Johnson's  Restaurants,
13   Inc.,  an  Arizona  Corporation;  Harrell  Dean
     Cameron  and  John  Doe  Cameron,  husband  and      IF YOU WANT THE ADVISE OF A LAWYER, YOU MAY
14   wife;  Sherry  Novak  and  John  Doe  Novak,  wife     WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT
     and  husband;  Sherry  Cameron  and  John  Doe      602-257-4434 OR ONLINE AT WWW.LAWYERSFINDERS.ORG
15   Cameron, wife and husband; and Robert A. Royal      LRS IS SPONSORED BY THE MARICOPA COUNTY
     and Jane Doe Royal,                                BAR ASSOCIATION.
16
                   Defendants.
17

18   **THE STATE OF ARIZONA TO THE DEFENDANT:**

19        **HARRELL DEAN CAMERON**

20   **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time

21   applicable, in this action in this Court.  If served within Arizona, you shall appear and defend

22   within 20 days after the service of the summons and Complaint upon you, exclusive of the day

23   of service.  If served out of the State of Arizona -- whether by direct service, by registered or

24   certified mail, or by publication -- you shall appear and defend within 30 days after the service

25   of the Summons and Complaint upon you is complete, exclusive of the day of service.  Where

26   process is served upon the Arizona Director of Insurance as an insurer's attorney to receive

MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE • SUITE 1800 • PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 • FACSIMILE 602.265.8185

1  service of legal process against it in this state, the insurer shall not be required to appear,

2  answer or plead until expiration of 40 days after the date of such service upon the Director.

3  Service by registered or certified mail without the State of Arizona is complete 30 days after

4  the date of filing the receive and affidavit of service with the Court. Service by publication

5  is complete 30 days after the date of first publication. Direct service is complete when made.

6  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the

7  Affidavit of Compliance and return receipt or Officer's Return. RCP 4; A.R.S. §§ 20-222, 28-

8  502, 18-503. Requests for reasonable accommodation for persons with disabilities must be

9  made to the division assigned to the case by parties at least 3 judicial days in advance of a

10 scheduled court proceeding.

11     **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend

12 within the time applicable, judgment by default may be rendered against you for the relief

13 demanded in the Complaint.

14     **YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer

15 or proper response in writing with the Clerk of this Court, accompanied by the necessary filing

16 fee, within the time required, and you are required to serve a copy of any Answer or response

17 upon the Plaintiffs' attorney. RCP 10(d); A.R.S. §§ 12-311; RCP 5.

18     The name and address of Plaintiffs' attorneys are:

19          Daniel D. Maynard, No. 009211
            Maynard Cronin Erickson Curran & Reiter, P.L.C.
20          3200 North Central Avenue, Ste. 1800
            Phoenix, Arizona 85012                    COPY
21          (602) 279-8500

22          SIGNED AND SEALED this date: JUL 2 2 2011

23          _____
            Clerk

24          By_____
25                    Deputy Clerk

26

-2-

Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON
CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012
(602) 279-8500
dmaynard@mmcec.com

Attorneys for Plaintiffs

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

CV2011-013831

| | |
|---|---|
| Johnny Johnson and Anna Johnson, husband and wife; Rudy Johnson and Diana Johnson, husband and wife, | No. _____ |
| Plaintiffs, | **SUMMONS** |
| v. | |
| Defined Benefit Plan of Bill Johnson's Restaurants, Inc.; Bill Johnson's Restaurants, Inc., an Arizona Corporation; Harrell Dean Cameron and John Doe Cameron, husband and wife; Sherry Novak and John Doe Novak, wife and husband; Sherry Cameron and John Doe Cameron, wife and husband; and Robert A. Royal and Jane Doe Royal, | IF YOU WANT THE ADVISE OF A LAWYER, YOU MAY WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT 602-257-4434 OR ONLINE AT WWW.LAWYERSFINDERS.ORG LRS IS SPONSORED BY THE MARICOPA COUNTY BAR ASSOCIATION. |
| Defendants. | |

**THE STATE OF ARIZONA TO THE DEFENDANT:**

**DEFINED BENEFIT PLAN OF BILL JOHNSON'S RESTAURANTS, INC.**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive

1   service of legal process against it in this state, the insurer shall not be required to appear,

2   answer or plead until expiration of 40 days after the date of such service upon the Director.

3   Service by registered or certified mail without the State of Arizona is complete 30 days after

4   the date of filing the receive and affidavit of service with the Court.  Service by publication

5   is complete 30 days after the date of first publication.  Direct service is complete when made.

6   Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the

7   Affidavit of Compliance and return receipt or Officer's Return. RCP 4; A.R.S. §§ 20-222, 28-

8   502, 18-503.  Requests for reasonable accommodation for persons with disabilities must be

9   made to the division assigned to the case by parties at least 3 judicial days in advance of a

10  scheduled court proceeding.

11        **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend

12  within the time applicable, judgment by default may be rendered against you for the relief

13  demanded in the Complaint.

14        **YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer

15  or proper response in writing with the Clerk of this Court, accompanied by the necessary filing

16  fee, within the time required, and you are required to serve a copy of any Answer or response

17  upon the Plaintiffs' attorney.  RCP 10(d); A.R.S. §§ 12-311; RCP 5.

18        The name and address of Plaintiffs' attorneys are:

19        Daniel D. Maynard, No. 009211
          Maynard Cronin Erickson Curran & Reiter, P.L.C.

20        3200 North Central Avenue, Ste. 1800
          Phoenix, Arizona 85012

21        (602) 279-8500

22        SIGNED AND SEALED this date: COPY

23                                                      JUL 22 2011

24        Clerk _____

25        By_____
                  Deputy Clerk

26

                            -2-

1   Daniel D. Maynard, No. 009211
    **MAYNARD CRONIN ERICKSON**
2   **CURRAN & REITER, P.L.C.**
    3200 North Central Avenue, Ste. 1800
3   Phoenix, Arizona 85012
    (602) 279-8500
4   dmaynard@mmcec.com

5   Attorneys for Plaintiffs

6   **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7   **IN AND FOR THE COUNTY OF MARICOPA**

8   Johnny Johnson and Anna Johnson, husband and
    wife; Rudy Johnson and Diana Johnson, husband         No. CV2011-013831
9   and wife,
                                                           **SUMMONS**
10              Plaintiffs,

11  v.

12  Defined Benefit Plan of Bill Johnson's
    Restaurants, Inc.; Bill Johnson's Restaurants,
13  Inc., an Arizona Corporation; Harrell Dean          IF YOU WANT THE ADVISE OF A LAWYER, YOU MAY
    Cameron and John Doe Cameron, husband and          WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT
14  wife; Sherry Novak and John Doe Novak, wife        602-257-4434 OR ONLINE AT WWW.LAWYERSFINDERS.ORG
    and husband; Sherry Cameron and John Doe           LRS IS SPONSORED BY THE MARICOPA **COUNTY**
15  Cameron, wife and husband; and Robert A. Royal     BAR ASSOCIATION.
    and Jane Doe Royal,
16
17              Defendants.

18  **THE STATE OF ARIZONA TO THE DEFENDANT:**

19       **SHERRY NOVAK**

20  **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time

21  applicable, in this action in this Court. If served within Arizona, you shall appear and defend

22  within 20 days after the service of the summons and Complaint upon you, exclusive of the day

23  of service. If served out of the State of Arizona -- whether by direct service, by registered or

24  certified mail, or by publication -- you shall appear and defend within 30 days after the service

25  of the Summons and Complaint upon you is complete, exclusive of the day of service. Where

26  process is served upon the Arizona Director of Insurance as an insurer's attorney to receive

*MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.*
*ATTORNEYS AT LAW*
*3200 NORTH CENTRAL AVENUE • SUITE 1800 • PHOENIX, ARIZONA 85012*
*TELEPHONE 602.279.8500 • FACSIMILE 602.265.8185*

1  service of legal process against it in this state, the insurer shall not be required to appear,

2  answer or plead until expiration of 40 days after the date of such service upon the Director.

3  Service by registered or certified mail without the State of Arizona is complete 30 days after

4  the date of filing the receive and affidavit of service with the Court.  Service by publication

5  is complete 30 days after the date of first publication.  Direct service is complete when made.

6  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the

7  Affidavit of Compliance and return receipt or Officer's Return. RCP 4; A.R.S. §§ 20-222, 28-

8  502, 18-503.  Requests for reasonable accommodation for persons with disabilities must be

9  made to the division assigned to the case by parties at least 3 judicial days in advance of a

10  scheduled court proceeding.

11       **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend

12  within the time applicable, judgment by default may be rendered against you for the relief

13  demanded in the Complaint.

14       **YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer

15  or proper response in writing with the Clerk of this Court, accompanied by the necessary filing

16  fee, within the time required, and you are required to serve a copy of any Answer or response

17  upon the Plaintiffs' attorney.  RCP 10(d); A.R.S. §§ 12-311; RCP 5.

18       The name and address of Plaintiffs' attorneys are:

19            Daniel D. Maynard, No. 009211
   Maynard Cronin Erickson Curran & Reiter, P.L.C.

20            3200 North Central Avenue, Ste. 1800
   Phoenix, Arizona 85012

21            (602) 279-8500

22            SIGNED AND SEALED this date

23

24            JUL 2 2 2011
             Clerk

25            By_____
                Deputy Clerk

26

1  Daniel D. Maynard, No. 009211
   **MAYNARD CRONIN ERICKSON**
2  **CURRAN & REITER, P.L.C.**
   3200 North Central Avenue, Ste. 1800
3  Phoenix, Arizona 85012
   (602) 279-8500
4  dmaynard@mmcec.com

5  Attorneys for Plaintiffs

6       **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7          **IN AND FOR THE COUNTY OF MARICOPA**

8  Johnny Johnson and Anna Johnson, husband and
   wife; Rudy Johnson and Diana Johnson, husband      No. CV2011-013831
9  and wife,
                                                        **SUMMONS**
10                 Plaintiffs,

11 v.

12 Defined Benefit Plan of Bill Johnson's       IF YOU WANT THE ADVISE OF A LAWYER, YOU MAY
   Restaurants, Inc.; Bill Johnson's Restaurants,   WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT
13 Inc., an Arizona Corporation; Harrell Dean    602-257-4434 OR ONLINE AT WWW.LAWYERSFINDERS.ORG
   Cameron and John Doe Cameron, husband and    LRS IS SPONSORED BY THE MARICOPA COUNTY
14 wife; Sherry Novak and John Doe Novak, wife   BAR ASSOCIATION.
   and husband; Sherry Cameron and John Doe
15 Cameron, wife and husband; and Robert A. Royal
   and Jane Doe Royal,
16
                   Defendants.
17

18 **THE STATE OF ARIZONA TO THE DEFENDANT:**

19      **SHERRY CAMERON**

20 **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time

21 applicable, in this action in this Court. If served within Arizona, you shall appear and defend

22 within 20 days after the service of the summons and Complaint upon you, exclusive of the day

23 of service. If served out of the State of Arizona -- whether by direct service, by registered or

24 certified mail, or by publication -- you shall appear and defend within 30 days after the service

25 of the Summons and Complaint upon you is complete, exclusive of the day of service. Where

26 process is served upon the Arizona Director of Insurance as an insurer's attorney to receive

MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE · SUITE 1800 · PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 · FACSIMILE 602.263.8185

1   service of legal process against it in this state, the insurer shall not be required to appear,

2   answer or plead until expiration of 40 days after the date of such service upon the Director.

3   Service by registered or certified mail without the State of Arizona is complete 30 days after

4   the date of filing the receive and affidavit of service with the Court.  Service by publication

5   is complete 30 days after the date of first publication.  Direct service is complete when made.

6   Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the

7   Affidavit of Compliance and return receipt or Officer's Return.  RCP 4; A.R.S. §§ 20-222, 28-

8   502, 18-503.  Requests for reasonable accommodation for persons with disabilities must be

9   made to the division assigned to the case by parties at least 3 judicial days in advance of a

10  scheduled court proceeding.

11          **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend

12  within the time applicable, judgment by default may be rendered against you for the relief

13  demanded in the Complaint.

14          **YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer

15  or proper response in writing with the Clerk of this Court, accompanied by the necessary filing

16  fee, within the time required, and you are required to serve a copy of any Answer or response

17  upon the Plaintiffs' attorney.  RCP 10(d); A.R.S. §§ 12-311; RCP 5.

18          The name and address of Plaintiffs' attorneys are:

19                  Daniel D. Maynard, No. 009211
                    Maynard Cronin Erickson Curran & Reiter, P.L.C.
20                  3200 North Central Avenue, Ste. 1800
                    Phoenix, Arizona  85012
21                  (602) 279-8500                    COPY

22                  SIGNED AND SEALED this date JUL 2 2 2011

23

24          Clerk _____

25          By_____
                    Deputy Clerk

26

- 2 -

1   Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON**
2   **CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Ste. 1800
3   Phoenix, Arizona 85012
(602) 279-8500
4   dmaynard@mmcec.com

5   Attorneys for Plaintiffs

6          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7          **IN AND FOR THE COUNTY OF MARICOPA**

8   Johnny Johnson and Anna Johnson, husband and          No. CV2011-013831
9   wife; Rudy Johnson and Diana Johnson, husband
    and wife,
10                                                         **SUMMONS**
                   Plaintiffs,
11
    v.
12
    Defined Benefit Plan of Bill Johnson's
13  Restaurants, Inc.; Bill Johnson's Restaurants,
    Inc., an Arizona Corporation; Harrell Dean
14  Cameron and John Doe Cameron, husband and          IF YOU WANT THE ADVISE OF A LAWYER, YOU MAY
    wife; Sherry Novak and John Doe Novak, wife        WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT
15  and husband; Sherry Cameron and John Doe           602-257-4434 OR ONLINE AT WWW.LAWYERSFINDERS.ORG
    Cameron, wife and husband; and Robert A. Royal     LRS IS SPONSORED BY THE MARICOPA COUNTY
16  and Jane Doe Royal,                                BAR ASSOCIATION.

17                 Defendants.

18  **THE STATE OF ARIZONA TO THE DEFENDANT:**

19          **BILL JOHNSON'S RESTAURANTS, INC.**

20  **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time

21  applicable, in this action in this Court. If served within Arizona, you shall appear and defend

22  within 20 days after the service of the summons and Complaint upon you, exclusive of the day

23  of service. If served out of the State of Arizona -- whether by direct service, by registered or

24  certified mail, or by publication -- you shall appear and defend within 30 days after the service

25  of the Summons and Complaint upon you is complete, exclusive of the day of service. Where

26  process is served upon the Arizona Director of Insurance as an insurer's attorney to receive

MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE • SUITE 1800 • PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 • FACSIMILE 602.263.8185

1 service of legal process against it in this state, the insurer shall not be required to appear,
2 answer or plead until expiration of 40 days after the date of such service upon the Director.
3 Service by registered or certified mail without the State of Arizona is complete 30 days after
4 the date of filing the receive and affidavit of service with the Court.  Service by publication
5 is complete 30 days after the date of first publication.  Direct service is complete when made.
6 Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the
7 Affidavit of Compliance and return receipt or Officer's Return.  RCP 4; A.R.S. §§ 20-222, 28-
8 502, 18-503.  Requests for reasonable accommodation for persons with disabilities must be
9 made to the division assigned to the case by parties at least 3 judicial days in advance of a
10 scheduled court proceeding.

11       **YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend
12 within the time applicable, judgment by default may be rendered against you for the relief
13 demanded in the Complaint.

14       **YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer
15 or proper response in writing with the Clerk of this Court, accompanied by the necessary filing
16 fee, within the time required, and you are required to serve a copy of any Answer or response
17 upon the Plaintiffs' attorney.  RCP 10(d); A.R.S. §§ 12-311; RCP 5.

18       The name and address of Plaintiffs' attorneys are:

19             Daniel D. Maynard, No. 009211
              Maynard Cronin Erickson Curran & Reiter, P.L.C.
20             3200 North Central Avenue, Ste. 1800
              Phoenix, Arizona 85012
21             (602) 279-8500                        COPY

22             SIGNED AND SEALED this date:
                                           JUL 2 2 2011
23
              _____
24             Clerk                   MICHAEL K. JEANES, CLERK
                                       K. LEE
25             By_____   DEPUTY CLERK
                   Deputy Clerk
26

- 2 -

COPY



JUL 22 2011

1   Daniel D. Maynard, No. 009211
    **MAYNARD CRONIN ERICKSON**
2   **CURRAN & REITER, P.L.C.**
    3200 North Central Avenue, Ste. 1800
3   Phoenix, Arizona 85012
    (602) 279-8500
4   dmaynard@mmcec.com

5   Attorneys for Plaintiffs

6              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7                **IN AND FOR THE COUNTY OF MARICOPA**

8   Johnny Johnson and Anna Johnson, husband        CV2011-013831
    and wife; Rudy Johnson and Diana Johnson,
9   husband and wife,                          No. _____

10                                             **CERTIFICATE   REGARDING**
                   Plaintiffs,                 **COMPULSORY ARBITRATION**
11
    v.
12
    Defined Benefit Plan of Bill Johnson's
13  Restaurants, Inc.; Bill Johnson's Restaurants,
    Inc., an Arizona Corporation; Harrell Dean
14  Cameron and John Doe Cameron, husband
    and wife; Sherry Novak and John Doe Novak,
15  wife and husband; Sherry Cameron and John
    Doe Cameron, wife and husband; and Robert
16  A. Royal and Jane Doe Royal,

17                 Defendants.

18          The undersigned certifies that he knows the dollar limits and any other limitations set

19  forth by the local rules of practice for the applicable superior court, and further certifies that

20  this case is not subject to compulsory arbitration, as provided by Rules 72 through 76 of the

21  Arizona Rules of Civil Procedure.

22          RESPECTFULLY SUBMITTED this **22** day of July, 2011.

23                                         MAYNARD CRONIN ERICKSON
                                           CURRAN & REITER, P.L.C.
24
                                           By _____
25                                            Daniel D. Maynard  #012477
                                              3200 North Central Avenue, Ste. 1800
26                                            Phoenix, Arizona 85012
                                              Attorneys for Plaintiffs

MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE · SUITE 1800 · PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 · FACSIMILE 602.265.8185

1    **ORIGINAL** of the foregoing e-filed this 22nd day of July, 2011, with:

2    Clerk of the Court
      Maricopa County Superior Court
3    201 W. Jefferson
      Phoenix, AZ 85003

4

5    By _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26



COPY

JUL 22 2011

MICHAEL K. JEANES, CLERK
K. REE
DEPUTY CLERK

1 | Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON**
2 | **CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Ste. 1800
3 | Phoenix, Arizona 85012
(602) 279-8500
4 | dmaynard@mmcec.com

5 | Attorneys for Plaintiffs

6 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7 | **IN AND FOR THE COUNTY OF MARICOPA**

8 | Johnny Johnson and Anna Johnson, husband and
9 | wife; Rudy Johnson and Diana Johnson, husband and wife,

No. CV2011-013831

10 | Plaintiffs,

**VERIFIED COMPLAINT**

11 | v.

12 | Defined Benefit Plan of Bill Johnson's
13 | Restaurants, Inc.; Bill Johnson's Restaurants, Inc., an Arizona Corporation; Harrell Dean
14 | Cameron and John Doe Cameron, husband and wife; Sherry Novak and John Doe Novak, wife
15 | and husband; Sherry Cameron and John Doe Cameron, wife and husband; and Robert A. Royal
16 | and Jane Doe Royal,

17 | Defendants.

18 |      Plaintiffs, Johnny Johnson ("Johnny") and Anna Johnson, husband and wife, and Rudy

19 | Johnson ("Rudy") and Diana Johnson, husband and wife, for their Complaint against

20 | Defendants Defined Benefit Plan of Bill Johnson's Restaurants, Inc. (the "Plan"), Bill

21 | Johnson's Restaurant, Inc. ("BJR") an Arizona Corporation, Harrell Dean Cameron ("Dena")

22 | and John Doe Cameron, husband and wife, Sherry Novak and John Doe Novak, wife and

23 | husband ("Sherry Novak"); Sherry Cameron and John Doe Cameron, wife and husband

24 | ("Sherry Cameron"); and Robert A. Royal and Jane Doe Royal, husband and wife ("Royal"),

25 | allege as follows:

26

MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE • SUITE 1800 • PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 • FACSIMILE 602.263.8185

### NATURE OF DISPUTE

1.     This action arises out of the actions taken by BJR to terminate the Defined Benefit Plan of Bill Johnson's Restaurant (the "Plan") and limit the amounts that the Plaintiffs are entitled to receive as beneficiaries from the Plan.  Johnny and Rudy are shareholders and directors of BJR and are retired employees of BJR and are currently receiving monthly retirement payments from the Plan. Dena, along with the aid of her daughter Sherry Cameron, the President of BJR and her sister, Sherry Novak, a shareholder of BJR and other professionals, made a false filing with the PBGC in October 2010 stating that the Plan wanted to terminate and it had sufficient assets to do so when in fact, there were not sufficient assets to cover all of the liabilities under the Plan and the only way it could be terminated was through a distress termination.

2.     Dena, as Plan Administrator and Plan Trustee, with the assistance of certain legal and accounting professionals, attempted to dissolve the Plan and deprive the Plaintiffs of their retirement payments under the Plan and their right to federal insurance coverage that is offered beneficiaries of the Plan.  Upon information and belief, Dena, Sherry Cameron and Sherry Novak were aware of the false filings made by and on behalf of the Plan and were in a conspiracy to wrongfully terminate the Plan and harm the Defendants.

3.     When the Defendants' conspiracy was uncovered by the Plaintiffs, BJR's former attorney, Leslie Plattner resigned and BJR, the Plan, and Dena hired Royal to act as their attorney.  Upon information and belief, Royal has assisted BJR in attempting to deprive the Plaintiffs of their pension benefits and has provided misleading information to the Plaintiffs in an effort to assist the Defendants to harm the Plaintiffs. Upon information and belief, Royal and the other Defendants continue to take steps to terminate the Plan which can only be terminated under a distress termination and have not taken steps to liquidate assets of BJR or initiated cost cutting procedures such as cutting Dena's salary to obtain the funds to do a standard termination of the Plan.

**PARTIES AND JURISDICTION**

4.      Johnny and Anna Johnson are husband and wife and at all times pertinent hereto resided in Maricopa County, Arizona.  Johnny is the brother of Rudy, Dena, and Sherry Novak (collectively referred to as the "Family") and the uncle of Sherry Cameron, who upon information and belief are all shareholders in BJR.

5.      Rudy and Diana Johnson are husband and wife and at all times pertinent hereto resided in Maricopa County, Arizona.

6.      Defined Benefit Plan of Bill Johnson's Restaurant's, Inc. is the retirement plan established and maintained by BJR.

7.      BJR is an Arizona corporation and was duly formed pursuant to the laws of Arizona and at all pertinent times was conducting business in Maricopa County, Arizona.

8.      Upon information and belief, Dena and John Doe Cameron are husband and wife and reside in Maricopa County, Arizona.

9.      Upon information and belief, defendants Sherry Novak and John Doe Novak are husband and wife and reside in Maricopa County, Arizona.

10.     Upon information and belief, Sherry Cameron and John Doe Cameron are wife and husband and reside in Maricopa County, Arizona.

11.     Upon information and belief, Robert A. Royal and Jane Doe Royal are husband and wife and Royal is a licensed attorney in Arizona and is providing legal services to BJR, the Plan, and Dena.

12.     This action arises out of actions that have occurred in Maricopa County, Arizona that were caused by the Defendants.

13.     Jurisdiction and venue over this matter are proper before this Court.

**GENERAL ALLEGATIONS**

14.     Johnny, Rudy, Dena, and Sherry Novak are siblings and each is a shareholder and director of BJR, as is Sherry Cameron.

- 3 -

15.    Johnny and Rudy are currently retired from BJR and are receiving monthly pension payments from the Plan.

16.    Rudy began receiving distribution of his plan benefits in the form of a joint and 66 2/3% survivor annuity on January 1, 2005. The monthly payment is $7,365.03 while Rudy is alive, and $4,910.05 to Rudy's surviving spouse on his death for his life. Upon information and belief, the lump sum present value of Rudy's benefit upon his retirement is $1,240,389.

17.    Johnny began receiving distribution of his plan benefits in the form of a joint and 100% survivor annuity on April 1, 2008. The monthly payment is $6,811.36 while either Johnny or his spouse is alive. Upon information and belief, the lump sum present value of Johnny's benefit upon retirement was $1,283,818.

18.    Upon information and belief, Sherry Novak has not yet begun receiving distribution of her plan benefits. Her normal retirement date was September 1, 2010 and upon information and belief the lump sum present value of Sherry's benefit on that date was $1,096,329. Plaintiffs believe that Sherry has elected a life only form of payout that yields a monthly benefit of $7,508.

19.    Upon information and belief, Dena attained her normal retirement age under the Plan on April 1, 2002 and the lump sum present value of her benefit of retirement at the time was $1,096,329. Dena, unlike Johnny and Rudy, was allowed to elect to have her lump sum benefits segregated into an individual account in the Plan that she could direct the investment of. Upon information and belief, Dena has been paid $998,032 and has elected a payout of ten annual installments and she has been paid eight of the ten installments.

20.    The Plan is an ERISA Section 3(2) Pension plan that, pursuant to ERISA Section 4021(A), is subject to ERISA Title IV plan termination insurance provisions. These provisions require annual planned premium payments to the PBGC in exchange for the PBGC insuring a specified level of plan benefit payments.

- 4 -

21.    ERISA Section 4041 provides rules for how a plan can be terminated.  Section 4041(a)(1) reads as follows:

      A.    General Rules governing a single employer plan terminations.

              a.    Exclusive means of plan termination.  Except in the case of a termination for which proceedings are otherwise instituted by the corporation as provided in Section 4042, a single-employer plan may be terminated only in a standard termination under subsection (b) or a distress termination under section (c)

              b.    A pension plan can qualify to make an ERISA Section 4041(b) standard termination if it is able to pay all of its benefit liabilities. If a pension plan does not have sufficient assets to pay all of its liabilities, the plan must terminate pursuant to the Section 4041(c) distress termination rules.

22.    The following requirements must be satisfied for the Plan to be terminated in the standard termination:

      A.    ERISA Section 4041(b)(1)(A) provides that not less than 60 days before the proposed termination date each Plan participant must be given advance notice of the termination.  Neither Johnny nor Rudy were given advanced notice of the termination as required by this provision.

      B.    ERISA Section 4041(b)(1)(B) provides that the PBGC must be notified of the termination and the Plan certified actuary, Matthews, must certify in the notice that the Plan assets are sufficient to pay the Plan liabilities. Although Matthews made this certification in the attached Form 500, he did not disclose to the PBGC the Plan's liability to the Family.

      C.    The Plan administrator, Dena, must certify that the information that the Plan actuary based his certificate on is accurate and complete and that the

1   information provided to the PBGC is accurate and complete. As stated

2   above, the Form 500 filed with the PBGC was not accurate or complete

3   because it did not disclose the Plan's liability to the Family.

4   Additionally, Matthews signed the Form 500 on behalf of Dena

5   allegedly, pursuant to a power of attorney.

6       23.   In October 2010, BJR filed a PBGC Schedule EA-S ("Form 500") with the

7   PBGC. A copy of the Form 500 which was filed by the Plan is attached as Exhibit 1.

8       24.   Form 500 is filed when a plan sponsor seeks PBGC approval of a standard

9   termination of a pension plan. Upon information and belief, the PBGC received the Plan's

10   Form 500 on October 18, 2010.

11       25.   The Plan's Form 500 stated on line 6 and 7 that the Plan assets equaled the

12   Plan's liabilities of $3,502,429.

13       26.   At a meeting on November 23, 2010, professionals representing BJR disclosed

14   that $3,502,429 of Plan assets and liabilities that were recorded on Form 500 did not include

15   the assets and liabilities of four participants who are also BJR shareholders and participants;

16   i.e., Johnny, Rudy, Dena, and Sherry Novak.

17       27.   Upon information and belief, the Form 500 was false and misleading.

18       28.   Upon information and belief, the Plan did not have enough assets to pay all

19   participant benefits and was therefore not sufficient, contrary to the representations made by

20   Dena as the Plan administrator.

21       29.   After learning of the false filing, Johnny and Rudy threatened to sue Dena,

22   Sherry Novak, the Plan, BJR and the professionals who orchestrated the termination plan to

23   stop the termination and Dena and BJR withdrew the application to terminate the Plan and Les

24   Plattner resigned as counsel for BJR.

25       30.   Upon information and belief, on December 23, 2010, Royal was retained as

26   counsel for the Plan, BJR and Dena and since that time he has been providing legal advice to

- 6 -

1    all three.

2       31.     Upon information and belief, after investigation, Royal instead of acting in the

3 best interest of the Plan and BJR has acted to further the interests of Dena, Sherry Novak, and

4 Sherry Cameron to the detriment of Johnny and Rudy who are shareholders and directors of

5 BJR and beneficiaries of the Plan.

6       32.     Upon information and belief, Royal has given Johnny and Rudy misleading and

7 inconsistent information on numerous occasions since becoming counsel for the Plan and BJR

8 including the following:

9            a.     that information about BJR could be accessed directly from BJR's

10                 accountant, Mr. Harmon, or Mr. Mathews, another professional retained

11                 by BJR or from Royal; however, Royal has not provided the requested

12                 information nor instructed Mr. Harmon nor Mr. Matthews to provide said

13                 requested information;

14            b.     misleading information concerning what would be discussed at BJR

15                 board meetings;

16            c.     has failed to provide information concerning the amount of corporate

17                 funds that have been paid to Royal and the cadre of professionals that he

18                 has retained or encouraged BJR to retain;

19            d.     Royal has prepared draft resolutions for BJR and submitted them to

20                 Dena, Sherry Novak, and Sherry Cameron, for their review before BJR

21                 board meetings without sending them to Johnny, Rudy, or their counsel

22                 prior to the meeting; and

23            e.     Royal has advised Rudy, Johnny, and their counsel that the stopping of

24                 the Plan termination was due to their wrongful conduct and then in the

25                 next breath, states the BJR is planning to sue prior counsel and the

26                 professionals for BJR who orchestrated the improper termination filings;

1    however, no such actions have been taken.

2    f.    Royal has provided misleading information in his e-mails on June 20,
3          2011 and his letter of July 1, 2011, as to communications with the PBGC
4          and the required timing on responses to the PBGC.

5    33.    Upon information and belief, Dena and Sherry Cameron are currently managing
6  BJR and are trying to terminate the Plan in order to limit the liabilities of BJR to the detriment
7  of Rudy and Johnny.

8    34.    Upon information and belief, Dena has received most of her benefits under the
9  Plan and is continuing to move forward with terminating the Plan to alleviate the liabilities in
10  an attempt to save BJR for the benefit of her family members and to the detriment of the
11  Plaintiffs.

12    35.    Upon information and belief, Royal has a conflict of interest in representing the
13  Plan, BJR and Dena.

14    36.    Upon information and belief, Royal is assisting Dena, Sherry Cameron and
15  Sherry Novak to make loans to BJR and over secure them with interests in BJR property.

16    37.    Upon information and belief, the actions of Royal, Dena, Sherry Cameron, and
17  Sherry Novak are unjustly depleting the assets of BJR to the detriment of Johnny and Rudy.

18    38.    Upon information and belief, Dena, Sherry Cameron, Sherry Novak, and Royal
19  told the Plaintiffs they were negotiating in the sale of BJR and then after spending tens of
20  thousands of dollars on legal fees, determined that the buyer was not viable.

21    39.    Upon information and belief, Dena, Sherry Cameron, and Sherry Novak are
22  receiving salaries from BJR and using BJR funds to pay personal expenses including attorneys'
23  fees.

24    40.    The actions of Defendants as described herein were done for financial gain, with
25  an evil mind intended to harm Defendants financially and are so outrageous and oppressive
26  that punitive damages are justified.

- 8 -

## CLAIM FOR RELIEF ONE

### (Appointment of a Receiver)

41.     Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraph 1 through 40 of the Complaint as though fully set forth herein.

42.     Plaintiffs request the Court to order a receiver be put in place to run the Plan and BJR.

43.     Plaintiffs' believe the actions taken by the Defendants are resulting in a waste of corporate assets.

44.     Plaintiffs, as shareholders and directors of BJR, are being deprived of needed information to make informed decisions as directors and shareholders of BJR.

WHEREFORE, Plaintiffs pray for judgment against the Plan and BJR as follows:

A.     That a receiver be appointed to administer the Plan and BJR;

B.     For an award of all attorneys' fees and taxable costs incurred in relation to this action;

C.     For an award of costs and expenses incurred in connection with this action, and

D.     For such other and further relief as the Court deems just and proper.

## CLAIM FOR RELIEF TWO

### (Accounting)

45.     Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraph 1 through 44 of the Complaint as though fully set forth herein.

46.     Plaintiffs seek an accounting of all funds spent in the past year by the Plan and BJR.

WHEREFORE, Plaintiffs pray for judgment against the Plan and BJR as follows:

A.     For an accounting the Plan and BJR concerning the amounts spent on legal and other professionals by the Plan and the BJR during the past year and monies spent on management of BJR and the Plan;

B.  For an award of all attorneys' fees and taxable costs incurred in relation to this action;

C.  For an award of costs and expenses incurred in connection with this action, and

D.  For such other and further relief as the Court deems just and proper.

## CLAIMS FOR RELIEF THREE

### (Breach of Contract)

47.  Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraph 1 through 46 of the Complaint as though fully set forth herein.

48.  The Plan constitutes a contract with each and every beneficiary.

49.  By moving to dissolve the Plan without sufficient assets, Dena, Sherry Cameron, and Sherry Novak were in breach of their agreement and have directly and proximately caused the Plaintiffs to suffer damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for judgment against the Dena, Sherry Cameron, and Sherry Novak as follows:

A.  For compensatory damages in an amount to be determined at trial;

B.  For pre-judgment and post-judgment interest at a rate;

C.  For an award of all attorneys' fees incurred in relation to this action;

D.  For an award of costs and expenses incurred in connection with this action, and

E.  For such other and further relief as the Court deems just and proper.

## CLAIM FOR RELIEF FOUR

### (Breach of Fiduciary Duty)

50.  Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraph 1 through 49 of the Complaint as though fully set forth herein.

51.  The Plan, the Plan Administrator and Trustee, Dena, owe the Plaintiffs a fiduciary duty which require that they deal in the utmost good faith with Plaintiffs.

- 10 -

52. Dena breached her fiduciary duty to Plaintiffs by taking steps to terminate the Plan when there are not sufficient assets to do so except through a distress termination.

53. Dena's breach has directly and proximately caused compensatory damages to Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Dena as follows:

A.  For compensatory damages in an amount to be determined at trial;

B.  For an amount of punitive damages to be determined at trial;

C.  For an award of all attorneys' fees incurred in relation to this action;

D.  For an award of costs and expenses incurred in connection with this action, and

E.  For such other and further relief as the Court deems just and proper.

## CLAIM FOR RELIEF FIVE

### (Negligent Misrepresentation)

54. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraph 1 through 53 of the Complaint as though fully set forth herein.

55. Upon information, Dena, BJR, the Plan, Sherry Cameron, Sherry Novak, and Royal worked together to come up with a scheme to terminate the Plan without going through a distress termination or are attempting to terminate the Plan in such a way as to injure the Plaintiffs.

56. The Defendants either provided Plaintiffs with false or incorrect information or omitted or failed to disclose material information;

57. The Defendants intended that Plaintiffs rely on said information provided and the Defendants provided it for that purpose.

58. Defendants failed to exercise reasonable care or competence in obtaining or communicating the information;

59. Plaintiffs relied on the information;

60. Plaintiffs reliance was justified; and

- 11 -

61. As matter of law, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. For compensatory damages in an amount to be determined at trial;

B. For an amount of punitive damages to be determined at trial;

C. For an award of all attorneys' fees incurred in relation to this action pursuant to A.R.S. § 12-341.01;

D. For an award of costs and expenses incurred in connection with this action; and

E. For such other and further relief as the Court deems just and proper.

DATED this 22nd day of July, 2011.

MAYNARD CRONIN ERICKSON
CURRAN & REITER, P.L.C.

By _____ For
    Daniel D. Maynard   012677
    3200 North Central Avenue, Ste. 1800
    Phoenix, Arizona 85012
    Attorneys for Plaintiffs

**ORIGINAL** of the foregoing filed this 22nd day of July, 2011, with:

Clerk of the Court
Maricopa County Superior Court
201 W. Jefferson
Phoenix, AZ 85003

By _____

- 12 -

**VERIFICATION**

STATE OF ARIZONA  )
                 ) ss.
County of Maricopa )

    I, Johnny Johnson, state as follows:

    1.    I am over the age of 18 years; I am competent to state the facts recited herein, and if called upon to testify, I would give testimony consistent with the facts stated herein.

    2.    I have read the foregoing Complaint. The contents thereof are true to the best of my own personal knowledge, except as to those statements made upon information and belief, and as to those statement, I believe them to be true.

    I declare under penalty of perjury that the foregoing is true and correct.

                      By _____
                              Johnny Johnson

    SUBSCRIBED AND SWORN to before me this 21ˢᵗ day of July, 2011.

                            _____
                            Notary Public

My commission expires:

STACEY TANNER
Notary Public—Arizona
Maricopa County
Expires 06/30/2013

- 13 -

## VERIFICATION

STATE OF ARIZONA      )
                        ) ss.
County of Maricopa    )

      I, Rudy Johnson, state as follows:

      1.     I am over the age of 18 years; I am competent to state the facts recited herein, and if called upon to testify, I would give testimony consistent with the facts stated herein.

      2.     I have read the foregoing Complaint. The contents thereof are true to the best of my own personal knowledge, except as to those statements made upon information and belief, and as to those statement, I believe them to be true.

      I declare under penalty of perjury that the foregoing is true and correct.

By _____
                  Rudy Johnson

SUBSCRIBED AND SWORN to before me this 21st day of July, 2011.


_____
Notary Public

My commission expires:

**STACEY TANNER**
Notary Public—Arizona
Maricopa County
Expires 06/30/2013

- 14 -

# EXHIBIT 1

**PBGC** **Standard Termination**
**Certification of Sufficiency**

**PBGC Schedule EA-S**
(PBGC Form 500)
Approval OMB 1212-0036
Expires 09/30/2010

| PART I   IDENTIFYING INFORMATION | | |
|---|---|---|
| **1a** Plan Name <br> Defined Benefit Plan of Bill Johnson's Restaurant | **1b** 9-digit employer identification number (EIN) <br> 86-0170247 | |
| | **1c** 3-digit plan number (PN) <br> 001 | |

**PART II   CODE SECTION 412(i) PLANS**

**2** Is this plan a Code section 412(i) plan?

  ☒ No: the Enrolled Actuary must complete Parts III and IV. Item 3 and Part V should not be completed.

  ☐ Yes: Item 3 and Part III must be completed. Depending upon who completes Part III, either Part IV or Part V must be completed and signed by the Plan Administrator or Enrolled Actuary as appropriate.

| **3a** Enter name (full official name of record) and address of the insurer (Address should include room or suite no.) | **3b** Telephone Number |
|---|---|
| | |

**PART III   PLAN SUFFICIENCY**

| | |
|---|---|
| **4** Proposed distribution date | (MM/DD/YYYY) 12/15/2010 |
| **5** Is the value of plan assets projected to be sufficient as of the proposed distribution date to provide all plan benefits? If "No," the plan cannot terminate in a standard termination. | ☒ Yes    ☐ No |
| **6** Estimated fair market value of plan assets as of the proposed distribution date | $ 3,502,429 |
| **7** Estimated present value of plan benefits as of the proposed distribution date | $ 3,502,429 |
| **8** Estimated total amount of residual assets | $ 0 |
| **9** Estimated amount of residual assets to be distributed to the employer | $ 0 |
| **10** Estimated amount of residual assets to be distributed to participants and beneficiaries | $ 0 |
| **11** Has the plan ever required employee contributions? | ☐ Yes    ☒ No |
| **12** If the amount in item 9 is $1 million or more and if any benefits are to be distributed other than through the purchase of annuity contracts, attach a statement showing interest rate/structure used to value the benefits. | |

**PART IV   ENROLLED ACTUARY CERTIFICATION**

I, the Enrolled Actuary, certify that: (1) I have reviewed all plan documents and plan and participant data, and applied all relevant provisions of ERISA and the Internal Revenue Code and regulations promulgated thereunder; (2) to the best of my knowledge and belief, this plan's assets equal or exceed the value of its plan benefits as of the proposed distribution date; and (3) to the best of my knowledge and belief, the information contained in this schedule is true, correct, and complete. In making this certification, I recognize that knowingly and willfully making false, fictitious, or fraudulent statements to the PBGC is punishable under 18 U.S.C. §1001.

| Enrolled Actuary's company's name and address (Address should include room or suite no.) | Enrolled Actuary's Name (Print or type) <br> Steven E. Matthews |
|---|---|
| | Enrollment Number <br> 08-02867 |
| | Telephone Number <br> 602-944-1515 |
| *[signature]*   10/11/2010 | E-mail address (optional) <br> smatthews@mgks.com |
| Enrolled Actuary's signature    Date | |

**PART V   PLAN ADMINISTRATOR CERTIFICATION FOR CODE SECTION 412(i) PLANS**

I, the Plan Administrator, certify that, to the best of my knowledge and belief: (1) this plan complies with section 412(i) of the Internal Revenue Code and regulations promulgated thereunder; (2) I have reviewed all plan documents and plan and participant data, and applied all relevant provisions of ERISA and the Code and regulations promulgated thereunder; (3) this plan's assets equal or exceed the value of its plan benefits as of the proposed distribution date; and (4) the information contained in this schedule is true, correct and complete. In making this certification, I recognize that knowingly and willfully making false, fictitious, or fraudulent statements to the PBGC is punishable under 18 U.S.C. §1001.

| *[signature]*   10/11/2010 | Steve Matthews POA - Dena Cameron |
|---|---|
| Plan Administrator's signature    Date | Printed name and title of Plan Administrator |

11/16/2020  12:45    6029441614                    MGKS                                    PAGE  04/16

Attachment to the FORM 500 PBGC Standard Termination filing

With regards to distributions in a form other than an annuity, the amount will be calculated using the actuarial equivalent in the plan or the Code Section 417(e) applicable mortality table and interest rates using the stability period of one year and based on the first calendar month preceding the first day of the stability period.

Sep-13-10  05:21pm  From-BILL JOHNSON'S RESTAURANT INC,        6022342412           T-774  P.02/02  F-626



**Standard Termination**
**Designation of Representative**

**PBGC Schedule REP-S**
(PBGC Form 602)
Approved OMB 1212-0036
Expires 09/30/2010

## PART I.   IDENTIFYING INFORMATION

| | |
|---|---|
| **1a** Plan Name | **1b** 9-digit employer identification number (EIN) <br> 86-0170247 |
| | **1c** 3-digit plan number (PN) <br> 001 |
| Defined Benefit Plan of Bill Johnson's Restaurant | |
| **2a** Plan Administrator's name and address <br> (Address should include room or suite no.) | **2b** Plan Administrator's telephone number <br> 602-258-5565 |
| Bill Johnson's Restaurant <br> 2916 W  Fairmount Ave <br> Phoenix, AZ 85017-4613 | **2c** E-mail address (optional) |

## PART II.   DESIGNATION OF REPRESENTATIVE(S)

**3**   I, Harrell D  Cameron , Plan Administrator of the above-named pension plan, hereby appoint the following representative(s) to act on my behalf before the Pension Benefit Guaranty Corporation on all matters (other than those specifically excluded below) relating to the termination of the above-named pension plan

| | |
|---|---|
| **4a** Representative's name and address <br> (Address should include room or Suite no.) <br> Steve Matthews <br> 6530 N. 16th Street <br> Phoenix, AZ 85016 | **4b** Telephone number <br> 602-944-1515 <br> **4c** E-mail address (optional) <br> smatthews@mgks.com |
| **4d** Representative's name and address <br> (Address should include room or suite no ) | **4e** Telephone number <br> **4f** E-mail address (optional) |

**5**   Matters excluded from authority of representative(s).  List any specific acts with respect to the plan termination that you are excluding from the acts otherwise authorized in this designation

## PART III.   RETENTION / REVOCATION OF PRIOR DESIGNATION(S)

| | | |
|---|---|---|
| **6a** Have you filed any prior designation(s) of representative(s) for this termination? | ☐ Yes | ☐ No |
| **6b** If "Yes," do you want any such prior designation(s) of representative(s) to remain in effect? (Attach a copy of all prior designations that are to remain in effect.) | ☐ Yes | ☐ No |

## PART IV.   SIGNATURE OF PLAN ADMINISTRATOR

**NOTE:** The PBGC will NOT accept unsigned designations. If the Plan Administrator is a board (or similar group) composed of employer and employee representatives, at least one employer representative and one employee representative must sign this form. If the plan does not designate a plan administrator or it designates the plan sponsor or the contributing sponsor as the plan administrator, this form must be signed by an officer of the plan sponsor or contributing sponsor who has the authority to sign on behalf of that entity.

In executing this document, I certify that the foregoing is true and correct, and recognize that knowingly and willfully making false, fictitious, or fraudulent statements to the PBGC is punishable under 18 U.S.C. §1001.

| | | |
|---|---|---|
| _Harrell Dean Cameron_ | 9/13/2010 | Harrell Dean Cameron |
| Signature | Date | Printed name and title <br> President |
| | | |
| Signature | Date | Printed name and title |

1   Daniel D. Maynard, No. 009211
    **MAYNARD CRONIN ERICKSON**
2   **CURRAN & REITER, P.L.C.**
    3200 North Central Avenue, Ste. 1800
3   Phoenix, Arizona 85012
    (602) 279-8500
4   dmaynard@mmcec.com

5   Attorneys for Plaintiffs

6              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7                  IN AND FOR THE COUNTY OF MARICOPA

8   Johnny Johnson and Anna Johnson, husband and          CV 2011-013831
9   wife; Rudy Johnson and Diana Johnson, husband    No. _____
    and wife,
10                                                   **ORDER TO SHOW CAUSE**
                        Plaintiffs,
11
    v.
12
    Defined   Benefit   Plan   of   Bill   Johnson's
13  Restaurants, Inc.; Bill Johnson's Restaurants, Inc.,
    an Arizona Corporation; Harrell Dean Cameron
14  and John Doe Cameron, husband and wife; Sherry
    Novak and John Doe Novak, wife and husband;
15  Sherry Cameron and John Doe Cameron, wife and
    husband; and Robert A. Royal and Jane Doe
16  Royal,

17                      Defendants.

18          The Court having received Johnny Johnson's and Rudy Johnson's Application for

19  Appointment of Receiver, pursuant to Rule 66, Arizona Rules of Civil Procedure and A.R.S.

20  § 12-1242.

21          This matter is set for a hearing on the _____ day of _____, 2011, at _____ a.m./p.m.

22  for Defendants to show cause, if there be any, why a receiver should not be appointed as

23  requested in Plaintiffs' Application for Appointment of Receiver.

24          DONE IN OPEN COURT this _____ day of July 2011.

25                                           _____
                                             Judge of the Superior Court
26

MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE · SUITE 1800 · PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 · FACSIMILE 602.263.8185

COPY

JUL 22 2011

1 | Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON**
2 | **CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Ste. 1800
3 | Phoenix, Arizona 85012
(602) 279-8500
4 | dmaynard@mmcec.com

5 | Attorneys for Plaintiffs

6 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7 | **IN AND FOR THE COUNTY OF MARICOPA**

8 | Johnny Johnson and Anna Johnson, husband
and wife; Rudy Johnson and Diana Johnson, | No. _____
9 | husband and wife,
| **CV2011-013831**
10 | Plaintiffs,
| **APPLICATION FOR THE**
| **APPOINTMENT OF A RECEIVER**
11 | v.
| **(Order to Show Cause Hearing**
12 | Defined Benefit Plan of Bill Johnson's | **Requested)**
Restaurants, Inc.; Bill Johnson's Restaurants,
13 | Inc., an Arizona Corporation; Harrell Dean
Cameron and John Doe Cameron, husband
14 | and wife; Sherry Novak and John Doe Novak,
wife and husband; Sherry Cameron and John
15 | Doe Cameron, wife and husband; and Robert
A. Royal and Jane Doe Royal,
16 |
| Defendants.
17 |

18 |      Pursuant to A.R.S. § 12-1241, *et seq.* and Rule 66, Arizona Rules of Civil Procedure,

19 | Plaintiffs Johnny Johnson ("Johnny") and Rudy Johnson ("Rudy"), move this Court to issue

20 | an order appointing a receiver for Bill Johnson's Restaurants, Inc. ("BJR") and the Defined

21 | Benefit Plan of Bill Johnson's Restaurants, Inc. ("the Plan"). This motion is supported by the

22 | Verified Complaint, and the accompanying memorandum of points and authorities, which are

23 | incorporated herein by this reference.

24 |      Upon information and belief, as more fully explained in the Verified Complaint, BJR

25 | has engaged in a series of improper activities that include the following:

26 |

MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE • SUITE 1800 • PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 • FACSIMILE 602.263.8185

1)    failing to provide business records, information, documents, and the books and records of BJR to the Plaintiffs who are directors and officers of BJR and beneficiaries of the Plan.

2)    making misrepresentations to Plaintiffs and their counsel concerning the status of negotiations with the PBGC concerning the dissolution of the Plan;

3)    misusing BJR funds for personal purposes including the payment of attorneys' fees;

4)    encumbering BJR asserts as security for loans made by Dena, Sherry Cameron, and Sherry Novak to BJR;

5)    failing to take proper steps to reduce salaries or expenses of BJR to accumulate cash to pay Plan liabilities; and

6)    dissipating the assets and cash of BJR to the detriment of the Plaintiffs.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.   Background

The appointment of a receiver is necessary to prevent the inexcusable waste of assets that has been taking place and continues to take place at BJR. As set forth in the Verified Complaint, Johnny and Rudy are shareholders and directors of BJR. Johnny and Rudy have been misled by the Defendants and the Defendants have failed to provide corporate documents and information concerning the management of BJR and the Plan. Starting in October 2010, the Defendants, except Royal, prepared, authorized and filed a false document with the PBGC to obtain a standard dissolution of the Plan when in fact there were insufficient assets. After being threatened with a lawsuit by the Plaintiffs, the Defendants withdrew the termination proposal, and the Plan, BJR and Dena retained Royal as their counsel who has continued to insisted on terminating the Plan to the detriment of the Plaintiffs. Plaintiffs requested BJR to reimburse them for the attorneys' fees spent to stop the unlawful termination but BJR refused and since then has stopped all payments and benefits from BJR to the Plaintiffs. Additionally,

1    upon information and belief, the Defendants have spent over a hundred thousand dollars to
2    seek a standard termination of the Plan when they should have been looking at a distress
3    termination.  Additionally, upon information and belief, BJR has spent tens of thousands of
4    dollars on legal fees with Royal or his affiliates to the detriment of the Plaintiffs.

5          Plaintiffs have requested numerous documents and information about BJR which the
6    Defendants have failed to provide and, upon information and belief, the Defendants, Dena,
7    Sherry Cameron, and Sherry Novak have continued to receive their full salaries from BJR
8    while taking away all corporate benefits from the Plaintiffs and failing to explore liquidating
9    BJR assets to be used to terminate the Plan.   Lastly, upon information and belief, the
10   Defendants have orchestrated loans to BJR and obtained securities interests in the assets of
11   BJR.  This self-dealing by Dena, Sherry Cameron, and Sherry Novak has been to the detriment
12   of the Plaintiffs.  Plaintiffs fear that their interests in BJR are being wasted and steps are being
13   taken by the Defendants to dissipate BJR's assets or encumber them for the benefit of the
14   Defendants.  It appears to the Plaintiffs that either BJR should be liquidated, file bankruptcy,
15   or the Plan should go through a termination.  The actions of the Defendants are putting off the
16   inevitable while the attorneys' get paid and Dena, Sherry Cameron and Sherry Novak
17   encumber the BJR assets for their own benefit.

18         Pursuant to Ariz.R.Civ.Pro. 66 and A.R.S. § 12-1241, *et seq.*, Johnny and Rudy request
19   that this Court appoint a receiver.  A receiver is designed to protect property subject to the
20   pending litigation. *Dart v. Western Sav. & Loan Assoc.*, 103 Ariz. 170, 438 P.2d 407 (1968).
21   Johnny and Rudy believe that Defendants' actions are destroying the value of BJR and could
22   cause it to lose all of its value.  It is not necessary to show irreparable harm or the lack of an
23   adequate legal remedy to secure the appointment of a receiver. *Gravel Resources of Arizona*
24   *v. Hills*, 217 Ariz. 33, 170 P.3d 282 (App. 2007).

25         Additionally, the Court should order that the Defendants pay for the receiver since it
26   is their actions that have necessitated this action.

- 3 -

1    Johnny and Rudy's attorney gave written notice to BJR's attorney on July 22, 2011 that

2  this application was being filed and he has e-mailed a copy of this application to BJR's counsel

3  upon filing it; thus, notice has been given.

4    **C.    Conclusion**

5    For the foregoing reasons, the court should set this matter for an order to show cause

6  hearing as to why Mr. Peter Davis or another qualified individual or company should be

7  appointed to serve as receiver for BJR and the Plan.  An Order to Show Cause Hearing is

8  requested and a form of order to set such a hearing is submitted herewith.

9    RESPECTFULLY SUBMITTED this 22nd day of July, 2011.

10    MAYNARD CRONIN ERICKSON
      CURRAN & REITER, P.L.C.

12    By
      Daniel D. Maynard  012677
13    3200 North Central Avenue, Ste. 1800
      Phoenix, Arizona 85012
14    Attorneys for Plaintiffs

15  **ORIGINAL** of the foregoing filed this 22nd day of July, 2011, with:

16  Clerk of the Court
    Maricopa County Superior Court
17  201 W. Jefferson
    Phoenix, AZ 85003

18

19  By

- 4 -

1   Daniel D. Maynard, No. 009211
    **MAYNARD CRONIN ERICKSON**
2   **CURRAN & REITER, P.L.C.**
    3200 North Central Avenue, Ste. 1800
3   Phoenix, Arizona 85012
    (602) 279-8500
4   dmaynard@mmcec.com

5   Attorneys for Plaintiffs

6   **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
    **IN AND FOR THE COUNTY OF MARICOPA**

7

8   Johnny Johnson and Anna Johnson, husband       No. _____
    and wife; Rudy Johnson and Diana Johnson,       CV2011-013831
9   husband and wife,

10                      Plaintiffs,              **ORDER APPOINTING RECEIVER**

11  v.

12  Defined  Benefit  Plan  of  Bill  Johnson's
    Restaurants, Inc.; Bill Johnson's Restaurants,
13  Inc., an  Arizona  Corporation; Harrell Dean
    Cameron and John Doe Cameron, husband and
14  wife; Sherry Novak and John Doe Novak, wife
    and husband; Sherry Cameron and John Doe
15  Cameron, wife and husband; and Robert A.
    Royal and Jane Doe Royal,
16
                       Defendants.
17

18          The  Court  has  received  Johnny  Johnson  and  Rudy  Johnson's  Application  for

19  Appointment of Receiver, pursuant to Rule 66, Arizona Rules of Civil Procedure and A.R.S.

20  § 12-1242.   The  Court  has  held  a  hearing  on  this  date  and  reviewed  the  evidence  and

21  arguments presented.  Good cause appearing,

22          IT IS ORDERED appointing Peter Davis as receiver of Bill Johnson's Restaurant, Inc.,

23  effective immediately.  The fees and expenses of the receiver will be borne by Defendants.

24          DONE IN OPEN COURT this ____ day of July, 2011.

25

26                                          _____
                                            Judge of the Superior Court

SHELTON L. FREEMAN (AZ #009687)
**DeConcini McDonald Yetwin & Lacy, P.C.**
6909 East Main Street
Scottsdale, Arizona  85251

Ph: (480) 398-3100
Fax: (480) 398-3101
E-mail: tfreeman@lawdmyl.com

Attorneys for Bill Johnson's Restaurants, Inc.

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JOHNNY JOHNSON and ANNA JOHNSON, husband and wife; RUDY JOHNSON and DIANA JOHNSON, husband and wife, | Case No.:  CV2011-013831 |
| Plaintiffs, | **NOTICE OF FILING CHAPTER 11 BANKRUPTCY PETITION AND AUTOMATIC STAY** |
| v. | |
| DEFINED BENEFIT PLAN OF BILL JOHNSON'S RESTAURANTS, INC.; BILL JOHNSON'S RESTAURANTS, INC., an Arizona corporation; HARRELL DEAN CAMERON and JOHN DOE CAMERON, wife and husband; SHERRY NOVAK and JOHN DOE NOVAK, wife and husband; SHERRY CAMERON and JOHN DOE CAMERON, wife and husband; and ROBERT A. ROYAL and JANE DOE ROYAL, | |
| Defendants. | |

Notice is hereby given that defendant Bill Johnson's Restaurants, Inc. filed Chapter 11 Bankruptcy Petition on Thursday, August 4, 2011, in the District of

*DeConcini McDonald Yetwin & Lacy, P.C.*
*6909 East Main Street*
*Scottsdale, Arizona  85251*

Arizona, at Case No.: 2:11-bk-22441-SSC. The Voluntary Petition for the above-referenced action is attached hereto as Exhibit "A" and incorporated herein by reference. The automatic stay provisions of 11 U.S.C. § 362 prohibits any further proceedings in this action without further order of the Bankruptcy Court.

DATED this 9th day of August, 2011.

DeCONCINI McDONALD YETWIN & LACY, P.C.

By /s/ Shelton L. Freeman
    Shelton L. Freeman
    Attorney for Bill Johnson's Restaurants, Inc.

ORIGINAL electronically filed this
9th day of August, 2011, with:

Clerk of the Court
Superior Court of Arizona, Maricopa County
Phoenix, AZ 85003

COPIES sent via U.S. Mail or e-mail this
9th day of August, 2011, to:

Hon. Dean M. Fink
Superior Court of Arizona, Maricopa County
125 W. Washington
Old Courthouse, Courtroom 202
Phoenix, AZ 85003

Daniel D. Maynard
MAYNARD CRONIN ERICKSON CURRAN &
REITER P.L.C.
3200 N. Central Ave., Ste. 1800
Phoenix, AZ 85012
dmaynard@mmcec.com

By /s/ Amanda B. Hite

2

# EXHIBIT "A"

B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>District of Arizona | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Bill Johnson's Restaurants, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**DBA Bill Johnson's Big Apple Restaurants** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**86-0170247** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |

| Street Address of Debtor (No. and Street, City, and State):<br>**2906 W. Fairmont Ave**<br>**Phoenix, AZ** | Street Address of Joint Debtor (No. and Street, City, and State): |
|---|---|
| ZIP Code **85017** | ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Maricopa** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br><br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."     ☒ Debts are primarily business debts. |

| Filing Fee (Check one box) | Check one box: | Chapter 11 Debtors |
|---|---|---|
| ☒ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). | |

| Statistical/Administrative Information     *** Shelton L. Freeman 009687 *** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☒ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☒ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☒ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1)(4/10)                                                                                                                    Page 2

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **Bill Johnson's Restaurants, Inc.** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:  - None - | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: - None - | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ Signature of Attorney for Debtor(s)        (Date) |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| ☐ Yes, and Exhibit C is attached and made a part of this petition. |
| ☒ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) |
| ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition. |
| If this is a joint petition: |
| ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** |
|---|
| (Check any applicable box) |
| ☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** |
|---|
| (Check all applicable boxes) |
| ☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) |
| _____ (Name of landlord that obtained judgment) |
| _____ (Address of landlord) |
| ☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(4/10)                                                                 Page 3

| Voluntary Petition | Name of Debtor(s): |
| --- | --- |
| *(This page must be completed and filed in every case)* | **Bill Johnson's Restaurants, Inc.** |

Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
| --- | --- |

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of Attorney***

X ~~Shelton Freeman~~ _____
Signature of Attorney for Debtor(s)

**Shelton L. Freeman 009887**
Printed Name of Attorney for Debtor(s)

**DeConcini McDonald Yetwin & Lacy, P.C.**
Firm Name

**6909 E Main Street**
**Scottsdale, AZ 85251**

_____
Address

**Email: tfreeman@lawdmyl.com**
**480-398-3100  Fax: 480-398-3101**
Telephone Number

_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruitpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X ~~Sherry Cameron~~ _____
Signature of Authorized Individual

**Sherry Cameron**
Printed Name of Authorized Individual

**CEO**
Title of Authorized Individual

_____
Date